**The PEOPLE of the State of Colorado, Complainant,**

v.

**James Madison TYLER, Attorney-Respondent.**

**Nos. 83SA468, 83SA469.**

Supreme Court of Colorado, En Banc.

March 26, 1984.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

James Madison Tyler, pro se.

ROVIRA, Justice.

Four formal complaints were filed with the Supreme Court Grievance Committee, charging the respondent, James Madison Tyler, admitted to practice law in Colorado on September 29, 1978, with unprofessional conduct in violation of the Code of Professional Responsibility.

The complaints in case numbers GC 82B–48 and 82B–39 were consolidated for hearing (hereafter 1982 case). Although respondent was served with both complaints, he did not file an answer, and an order of default was entered. At the hearing set for May 19, 1983, respondent moved for a continuance on the grounds that he did not have counsel, and his records concerning the issues raised by the complaints were not available. Respondent did not request that the default be set aside. The motion for continuance was denied.

In case numbers GC 83B–32 and GC 83B–24 (hereafter 1983 case), the respondent, although properly served, failed to file answers, and orders of default were entered in both proceedings. The respondent also failed to appear at the scheduled hearings and was not represented by counsel.

The first complaint in the 1982 case alleged that the respondent failed to prosecute a personal injury action for his client even though he had agreed to do so. As a result of respondent's failure, the trial court dismissed the case for lack of prosecution, without prejudice.

The second complaint alleged that respondent converted over $700 in funds belonging to his client, for whom he had obtained a court order reducing delinquent maintenance and child support payments to judgment. The complaint also alleged that respondent had failed to cooperate with the Grievance Committee. C.R.C.P. 241.6(7).

At the hearing on May 19, 1983, the Hearing Board allowed the respondent to make a statement on his own behalf even though, pursuant to C.R.C.P. 241.13(b), all the allegations of the complaint were

deemed admitted because of respondent's default.

The Hearing Board concluded that respondent's statement and his personal presentation did not mitigate his failure to properly represent his client and his action in converting his client's funds. To the contrary, after hearing the respondent, the Board was even more concerned about respondent's professional conduct, the danger he posed to unsuspecting clients, and his callous attitude toward his client's rights.

The Hearing Board concluded that the facts establish respondent's violation of C.R.C.P. 241.6(7) (refusal to cooperate with the Grievance Committee); DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(6) (conduct that adversely reflects on fitness to practice law); DR 6–101(A)(3) (neglect of a legal matter); DR 7–101(A)(2) (failure to carry out a contract of employment); DR 7–101(A)(3) (prejudice or damage to client during the course of representation); and DR 9–102(B)(4) (failure to promptly pay or deliver to his client funds or other properties in the possession of the lawyer which the client is entitled to receive).

The Hearing Board recommended, and the Hearing Panel agreed, that the respondent be suspended for three years, that he be ordered to pay his client restitution in the amount of $710.12 plus interest from January 4, 1982, and he be assessed costs of $524.77. In our view, the record supports the findings and conclusions by undisputed, clear and convincing evidence, and we accept the disciplinary recommendation.

The first complaint in the 1983 case alleged that respondent had accepted a fee to initiate a noncontested dissolution of marriage action, he failed to file any documents in court, and refused to return his client's telephone calls. It was further alleged that respondent failed to respond to a request by the Grievance Committee pursuant to C.R.C.P. 241.6(7).

The second complaint alleged: (1) that the respondent was involved in an automobile accident with Eddie E. Gerze; (2) that respondent left the scene of the accident and was subsequently cited for driving under the influence and failure to display a valid registration; (3) that Gerze's many attempts to contact respondent about his automobile insurance were futile; (4) that respondent pled guilty to a charge of driving while ability impaired and was ordered to pay restitution to Gerze; and (5) that respondent failed to respond to a request by the Grievance Committee pursuant to C.R.C.P. 241.6(7).

In the 1983 case, the Hearing Board concluded that the conduct of the respondent violated C.R.C.P. 241.6 and DR 1–102(A)(1), (5) and (6) (a lawyer shall not violate a disciplinary rule, engage in conduct prejudicial to the administration of justice, engage in conduct adversely reflecting his fitness to practice law); DR 6–101(A)(3) (neglect of a legal matter); DR 7–102(A)(2) and (3) (advance unwarranted claim and conceal that required by law to be revealed); and DR 9–102(B)(4) (failure to pay to client funds in possession of lawyer which the client is entitled to receive).

The Hearing Board recommended, and the Hearing Panel agreed, that the respondent be suspended for one year and a day and that reinstatement be conditioned on proof of compliance with the court's order of restitution in the Gerze matter, restitution of $132 in case number 83 B–24, and payment of costs in the amount of $314.09.

As in the 1982 case, the record amply supports the findings and conclusions of the Hearing Board, and we accept the disciplinary recommendation.

Accordingly, it is ordered that James Madison Tyler, who was licensed to practice law in the State of Colorado on September 29, 1978, registration number 9223, and who is subject to the jurisdiction of this court, is suspended for three years from the practice of law as the result of his conduct in case numbers GC 82B–39 and GC 82B–48. As a condition of reinstatement, the respondent shall prove that he has paid restitution in the amount of

$710.12, plus interest from January 4, 1982, and fully satisfy the terms and conditions of C.R.C.P. 241.22(b) and (c). The respondent shall also pay the costs of $524.77 incurred in the disciplinary proceedings to the Supreme Court Grievance Committee within 60 days of this date.

For his unprofessional conduct as reflected in GC 83B–32 and GC 83B–24, the respondent is suspended from the practice of law for one year and one day. This suspension shall run consecutively to the three-year suspension herein imposed. It is further ordered that, as a condition of reinstatement, the respondent shall pay the court-ordered restitution to Eddie Gerze, $132 in case Number 83B–24, and fully satisfy the terms and conditions of C.R.C.P. 241.22(b) and (c). The respondent shall also pay the costs of these proceedings in the amount of $314.09. All costs are to be paid in full to the Supreme Court Grievance Committee, 190 E. 9th Avenue, Suite 440, Denver, Colorado 80203, within 60 days of this date.