**The PEOPLE of the State of Colorado, Complainant,**

v.

**James Madison TYLER, Attorney-Respondent.**

**No. 84SA293.**

Supreme Court of Colorado.

Jan. 14, 1985.

Linda Donnelly, Disciplinary Prosecutor, George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

No appearance by attorney-respondent.

QUINN, Justice.

The respondent, James Madison Tyler, was admitted to the practice of law in this state on September 29, 1978, and was recently suspended by this court for consecutive periods of one year and a day and three years. *People v. Tyler*, 678 P.2d 1014 (Colo.1984). In the instant proceeding he was charged in three separate cases (GC83B–59, GC83B–71, and GC83B–77) with fourteen counts of professional misconduct. The three cases were consolidated for hearing and resulted in a recommendation of disbarment. Efforts to personally serve the respondent with a citation for the filing of exceptions to the hearing panel's report proved unavailing, and service was ultimately accomplished by publication pursuant to C.R.C.P. 241.25(b). To date the respondent has failed to file any exceptions to the report and recommendation of the hearing panel. We enter an order of disbarment.

In case no. GC83B–59, the complaint alleged eight counts of professional misconduct. The common theme of four counts was that the respondent received a fee for professional services on behalf of several clients and failed to either file the necessary pleadings for which he had been retained or to appear in court for scheduled hearings. Count one, for example, alleged that in March 1983 the respondent, while practicing out of his office, the American Law Center, 2620 South Parker Road, Au-

rora, Colorado, undertook to represent Ms. Kathy V. Allen in a bankruptcy proceeding. Although Ms. Allen paid the respondent a $65 filing fee and signed a promissory note for $323 payable at $50 per month, the respondent failed to file the petition and left Ms. Allen without legal representation. Shortly after undertaking this case, the respondent moved his office to another address. Ms. Allen telephoned the respondent's new office on numerous occasions only to be informed that the respondent was not there and her call would be returned. The respondent, however, failed to return any of Ms. Allen's calls, nor did he refund to her the unearned portion of the money which she paid to him.

Three other counts in case no. GC83B-59 alleged similar derelictions by the respondent. In one instance the respondent undertook the representation of Sandra J. Haymes in a dissolution proceeding filed in the District Court of Arapahoe County in January 1983. Although the respondent was paid $264 for his services, he was unprepared at two hearings on permanent orders, thereby requiring postponements, and failed to make any appearance at the third rescheduled hearing. Ms. Haymes ultimately obtained a dissolution decree by representing herself, and the respondent made no attempt to refund any of the unearned portion of the $264 to her.

Similar allegations were made in another count relating to the respondent's representation of Mohammed Yusuf Safi in a dissolution proceeding filed in January 1983 in the District Court of Adams County. Although Mr. Safi paid the respondent $100 for his services, Mr. Safi has been unable to locate the respondent since the filing of the petition in dissolution. Once again, the unearned portion of the $100 paid to the respondent has not been returned to Mr. Safi, who has been required to retain other counsel.

Still another count of the complaint alleged that in February and March 1983 the respondent accepted $266 from Michael Schroder as full payment for an uncontested divorce. Although the petition for dissolution was filed in April 1983 in the District Court of Jefferson County, Mr. Schroder was unable to contact the respondent any time thereafter and as a result was required to retain other counsel for hearing on the decree and final orders. The respondent again failed to refund any of the unearned portion of the $266 paid to him by Mr. Schroder.

Four of the counts in case no. GC83B-59 alleged that after each request for investigation was filed, the Grievance Committee notified the respondent of the request for investigation or formal complaint, and the respondent failed to contact the Grievance Committee or to answer the allegations made against him.

The complaint in case no. GC83B-71 alleged four counts of professional misconduct arising out of the respondent's failure to appear on behalf of his clients in several criminal cases and in a dissolution proceeding. Count one alleged that the respondent, acting on behalf of three clients, set presentence hearings and a dispositional conference before an Arapahoe County court judge, but failed to appear on each occasion. Although the judge ordered the respondent to show cause in each case why he should not be held in contempt, the respondent failed to appear for the contempt hearing.

In another count it was alleged that the respondent was retained by James Thompson in April 1983 in a dissolution proceeding and received a fee of $266 for services. Although the respondent filed the initial petition in the District Court of Arapahoe County, he failed to appear on July 18, 1983, for the hearing on the decree and permanent orders. Mr. Thompson, who ultimately had to represent himself in the divorce action, was unable to locate the respondent and has not yet received any portion of the unearned fee previously paid to the respondent.

Two of the counts in case no. GC83B-71 alleged that after the filing of each request for investigation the Grievance Committee notified the respondent that his response was overdue and that the failure to commu-

nicate with the Grievance Committee would likely result in discipline. Notwithstanding these notifications, the respondent failed to contact the Grievance Committee or to answer the allegations made against him.

In the third case, case no. GC83B–77, the complaint alleged two counts of professional misconduct. Count one stated that on May 3, 1983, Mr. Stanley Wong paid the respondent $122.64 to represent him in a case filed in the County Court of Arapahoe County. Although the respondent advised Mr. Wong that a hearing date had been set for July 27, 1983, Mr. Wong was unable to locate the respondent at his American Law Center office and was required to proceed *pro se* at the scheduled hearing.

Count two of the complaint in case no. GC83B–77 alleged that after the filing of the request for investigation, the Grievance Committee notified the respondent that his answer was overdue and that the failure to respond could result in the imposition of discipline. The respondent, once again, failed to contact the Grievance Committee or to answer allegations made against him.

On February 29, 1984, a hearing board conducted a consolidated hearing in the three cases and found that the allegations in each case had been established by clear and convincing evidence. The hearing board concluded as follows: that the respondent's conduct involved dishonesty, fraud, deceit, or misrepresentation in violation of DR 1–102(A)(4); that the respondent engaged in conduct prejudicial to the administration of justice in violation of DR 1–102(A)(5); that the respondent's conduct adversely reflected on his fitness to practice law in violation of DR 1–102(A)(6); that the respondent neglected legal matters entrusted to him in violation of DR 6–101(A)(3); that the respondent intentionally failed to carry out contracts of employment with his clients for professional services in violation of DR 7–101(A)(2); that the respondent intentionally prejudiced several of his clients during the course of the professional relationship in violation of DR 7–101(A)(3); that the respondent violated DR

9–102(B)(4), which requires a lawyer to promptly pay or deliver to the client as requested the funds or other property in the possession of the lawyer which the client is entitled to receive; and finally, that the respondent's failure to answer the several requests and notifications sent to him by the Grievance Committee was without good cause and in violation of C.R.C.P. 241.6(7). The hearing board recommended disbarment, and a hearing panel of the Grievance Committee approved the findings, conclusions, and recommendation of the hearing board. We approve and adopt the report of the hearing panel and concur in the recommendation of disbarment.

The respondent's misconduct in this case was not an isolated incident or the product of mere inadvertence. On the contrary, the respondent repeatedly committed gross derelictions of professional responsibility to the point of demonstrating a total lack of fitness to practice law. The public is entitled to protection against such egregious and pervasive misconduct. Any sanction less than disbarment would only serve to depreciate the seriousness of his misconduct and would be a disservice to both the public and the legal profession.

It is accordingly ordered that the respondent, James Madison Tyler, be disbarred and that his name be stricken from the roll of attorneys authorized to practice law in this state. It is further ordered that the respondent pay the costs of these proceedings in the amount of $153.82 within ninety days from the date of this decision.